CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
caldwell@caldwell-leslie.com
ROBYN C. CROWTHER, SBN 193840
crowther@caldwell-leslie.com
MICHAEL D. ROTH, SBN 217464
roth@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
(213) 629-9040
(213) 629-9022 fax

Attorneys for Defendant
GAP, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN YOON, an individual on behalf of herself, and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br><br><br><br><br><br><br><br>THE GAP, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV08-5712 R (JTLx)<br><br>(Hon. Manuel L. Real)<br><br><br><br>**REQUEST FOR NOTICE OF INCORPORATED DOCUMENTS AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE; DECLARATION OF ANTHONY GARDNER; AND EXHIBITS**<br><br>[Defendant's Motion to Dismiss and Motion to Strike filed concurrently herewith]<br><br>Date:   October 6, 2008<br>Time:   10:00 a.m.<br>Courtroom: 8<br>   United States District Court<br>   312 N. Spring St.<br>   Los Angeles, CA 90012 |

CALDWELL
LESLIE &
PROCTOR

## I. INTRODUCTION

Concurrent with this Request for Notice of Incorporated Documents and Request for Judicial Notice (the "Request"), Defendant Gap, Inc. ("Gap") has filed a Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("SACC") pursuant to Federal Rule of Civil Procedure 12(b)(6), and a Motion to Strike on the ground that, among other things, Gap's advertising clearly informed customers that its promotion in the summer of 2006—where it provided a $20 shopping card (the "Shopping Card") to consumers who spent $60 or more in May 2006—had both an acquisition requirement and a separate redemption requirement (the "Summer Promotion"). In ruling on these motions, the Court may generally consider the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The Court may also consider documents incorporated by reference in the complaint. *Id.* (holding that the court may consider documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint); *see also Knievel v. ESPN,* 393 F.3d 1068, 1076-77 (9th Cir. 2005) (incorporating by reference CD-Rom containing web pages).

Accordingly, in support of its Motion to Dismiss and Motion to Strike, Gap hereby respectfully requests that the Court consider: (1) the signage posted in Gap stores during the Summer Promotion, and the Shopping Card distributed by Gap during the Summer Promotion, which are incorporated into the SACC by reference, *see* Declaration of Anthony Gardner ("Gardner Decl."), Exhs. A & B; and (2) the official records of the state court in this action, which became a part of this court's file when the case was removed at the end of August 2008, *see* Exhs. C-G.

**II. THE IN-STORE SIGNAGE AND $20 SHOPPING CARD ARE INCORPORATED INTO THE COMPLAINT BY REFERENCE AND MAY BE CONSIDERED BY THE COURT**

The incorporation by reference doctrine permits the Court to consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [Plaintiff's] pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). When a portion of a document is quoted in the complaint, the doctrine allows the Court to consider the document in its entirety. *See In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (considering full text of document when only portions were quoted in complaint).

The Ninth Circuit applies the incorporation by reference doctrine broadly to include cases in which a plaintiff's claims depend on a document and the parties do not dispute its authenticity, but the plaintiff has not explicitly alleged the contents of the document in the complaint or attached it to the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th Cir. 2006). The purpose is to prevent plaintiffs from "deliberately omitting references to documents upon which their claims are based." *Id.* The doctrine extends beyond printed text and applies to other media as well. *See Knievel v. ESPN,* 393 F.3d 1068, 1076-77 (9th Cir. 2005) (holding that the court could consider web pages reproduced on a CD-Rom).

In *Knievel*, for example, the plaintiffs alleged that they were defamed by a photograph and caption that appeared as part of a "photo gallery" on an ESPN website. 393 F.3d at 1071. Although the plaintiffs "attached to their complaint only the photograph and caption that they argue[d] was defamatory," defendants attached a CD-ROM of the entire gallery to their motion to dismiss on the ground

that the question whether the photograph and caption were defamatory depended on the context in which they were viewed. *Id.* at 1076. The court agreed, holding that the plaintiffs' claims were dependent on the content of the entire gallery; thus, the court could properly consider the CD-ROM as part of ESPN's 12(b)(6) motion to dismiss under the "incorporation by reference" doctrine. *Id.* at 1076-77.

There is no question that the SACC references the in-store signage and $20 Shopping Card. *See* SACC, ¶¶ 19 (stating that the in-store posters read "Get a $20 Shopping Card when you spend $60 or more"), 25 (stating that the Shopping Card read $20 OFF A PURCHASE OF $60 OR MORE"); *see also id.* at ¶¶ 1, 22-24, 26, 27, 42, 50, 55, 64-67, 74-77, 81-82. Indeed, references to the signage pervade the SACC, because all five of Plaintiff's causes of action are predicated on the claim that Gap's advertising concealed the necessity of making a second minimum purchase in order to redeem the Shopping Card. *See* SACC, ¶¶ 42 (UCL claim), 50 (false advertising claim), 64-67 (CLRA claim), 74-77 (implied-in-fact contract claim), 82 (fraud claim). Moreover, the authenticity of the signage and Shopping Card (attached to the declaration of Anthony Gardner as Exhibits A & B), like that of the CD-ROM incorporated in *Knievel*, cannot reasonably be questioned. The "incorporation by reference" doctrine thus applies in this case, and this Court should consider the full contents of the signage (Exhibit A) and the Shopping Card (Exhibit B) when ruling on the pleadings.

### III.   THIS COURT CAN TAKE JUDICIAL NOTICE OF MATTERS THAT ARE IN THE RECORD

It is well-established that a federal court may take judicial notice of the record in its own case, as well as in other related matters. *See National Fire Ins. Co. of Hartford v. Thompson*, 281 U.S. 331, 336-37 (1930) (determining that "[w]e may notice the record of [a related] case in this court"); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts may notice "proceedings in other courts, both within and without the

federal judicial system, if those proceedings have a direct relation to matters at issue"); *Saxton v. McDonnel Douglas Aircraft Co*., 428 F.Supp. 1047, 1049 n.5 (C.D. Cal. 1977) (citing cases in support of the proposition that a federal court may "take judicial notice of its records and the pleadings in other cases"); Fed. R. Evid. 201(b)-(d) (requiring federal courts to take notice of facts "not subject to reasonable dispute" when notice is requested by a party and the party offers sufficient information).

Once a court takes judicial notice of a matter, it can apply that information not only to a motion to dismiss, but also to a motion to strike. *See S.E.C. v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Cal. 1995) (explaining that the grounds for a 12(f) motion to strike "must appear on the face of the pleading under attack *or from matter which the court may judicially notice*").

The documents designated as Exhibits C-G are all part of the case record. The complaints (Exhs. C-E) and stipulation (Exh. F) filed with the state court are all part of the official record of this action and became a part of this Court's file when the case was removed from state court in August 2008. *Cf*. 28 U.S.C. § 1446(a) (requiring that the removing party file with the federal court "a copy of all process, pleadings, and orders served upon such defendant . . . in such action"). Moreover, the authenticity of the certified copies attached hereto is beyond question. Similarly, Plaintiff's own amended discovery responses (Exh. G) are part of the record of this removal case and she cannot question the authenticity of her own documents. Because these documents are all part of the case record, Gap respectfully request that the court take judicial notice of them.

## IV.   CONCLUSION

For the reasons set forth above, Gap respectfully requests that the Court take notice of the following documents which are incorporated into the SACC by reference or are judicially noticeable:

(1) The signage posted in Gap stores during the Summer Promotion and incorporated into the SACC by reference, *see* Gardner Decl., Exh. A;

(2) The $20 Shopping Card distributed by Gap during the Summer Promotion and incorporated into the SACC by reference, *see* Gardner Decl., Exh. B;

(3) A certified copy of Plaintiff's Original Class Action Complaint filed November 19, 2007, *see* Exh. C;

(4) A certified copy of Plaintiff's First Amended Class Action Complaint, filed January 10, 2008, *see* Exh. D;

(6) A certified copy of the document entitled Exhibits to Stipulation for Leave to File Second Amended Complaint and to Declaration of Adam Gutride in support of *Ex Parte* Application to Continue Trial Date, Filed aug. 11, 2008, which includes as Exhibit A, Plaintiff's Second Amended Class Action Complaint filed August 15, 2008, *see* Exh. E;

(7) A certified copy of the Stipulation of the Parties regarding continuing the trial date filed August 13, 2008, *see* Exh. F;

(8) Plaintiff's Amended Responses and Objections to Defendant's Notice of Videotaped Deposition and Requests for Production, served August 18, 2008, *see* Exh. G.

**Deleted:** 5

DATED: September 8, 2008     Respectfully submitted,

                              CALDWELL LESLIE & PROCTOR, PC
                              CHRISTOPHER G. CALDWELL
                              ROBYN C. CROWTHER
                              MICHAEL D. ROTH


By: _____/s/_____
      MICHAEL D. ROTH
Attorneys for Defendant GAP, INC.