CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL, SBN 106790
caldwell@caldwell-leslie.com
ROBYN C. CROWTHER, SBN 193840
crowther@caldwell-leslie.com
MICHAEL D. ROTH, SBN 217464
roth@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, California 90017-2463
(213) 629-9040
(213) 629-9022 fax

Attorneys for Defendant
GAP, INC.

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN YOON, an individual on behalf of herself, and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GAP, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV08-5712 R (JTLx)<br><br>(Hon. Manuel L. Real)<br><br>[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:  December 1, 2008<br>Time:  10:00 a.m.<br>Courtroom:  8<br>  United States District Court<br>  312 N. Spring St.<br>  Los Angeles, CA 90012 |

CALDWELL
LESLIE &
PROCTOR

Pursuant to the Minute Order issued by this Court on December 2, 2008, Defendant Gap, Inc. ("Gap") respectfully submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

## I. UNCONTROVERTED FACTS

| | |
|---|---|
| 1. | Between May 11, 2006 and May 31, 2006, Gap ran a promotion (the "Summer Promotion") in which each customer who spent $60 or more would receive a shopping card. |
| 2. | The shopping card entitled the customer to $20 off of a subsequent purchase of $60 or more between June 1, 2006 and June 30, 2006. |
| 3. | The signs advertising the Summer Promotion, which were displayed only in Gap stores, and only during May 2006, stated "Get a $20 Shopping Card When You Spend $60 or More." |
| 4. | In easily-readable, capital letters immediately below this, the signs disclosed the second minimum purchase requirement: "$20 Shopping Card Good When You Spend $60 or More June 1-June 30." This language was not hidden or unreasonably small. It appeared immediately next to the representation it qualified and no reasonable reader could ignore it. It required no specialized knowledge to understand—indeed, it was clear to any customer who knew that June comes after May. |
| 5. | On May 19, 2006, Plaintiff Susan Yoon entered a Gap store located in Northridge, California. |
| 6. | Plaintiff saw the signage advertising the Summer Promotion, including the portion of the sign stating "$20 Shopping Card Good When You Spend $60 or More June 1-June 30." |
| 7. | Plaintiff purchased $64.91 worth of merchandise and received a |

CALDWELL
LESLIE &
PROCTOR

-1-

| | |
|---|---|
| | shopping card. |
| 8. | The shopping card stated that it was good for "$20 Off a Purchase of $60 or More." This language was not hidden or unreasonably small, and no reasonable reader of the card could have ignored it. |
| 9. | Plaintiff does not allege that she did not receive the specific items that she selected. |
| 10. | Plaintiff does not allege that she returned the merchandise. |
| 11. | Plaintiff does not allege that she was prevented from redeeming the shopping card—indeed, she fails to make any allegations at all about whether she redeemed the card. |
| 12. | Gap's advertising of the Summer Promotion was neither deceptive nor misleading, because the sign and card expressly and repeatedly stated the conditions for redeeming the shopping card. Plaintiff has not alleged that the actual conditions for redeeming the shopping card differed from the conditions described in this advertising. |

## II. CONCLUSIONS OF LAW

| | |
|---|---|
| 13. | Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Although Gap's motion was filed as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), if a motion to dismiss presents matters outside of the pleadings, that rule permits the Court to treat the motion as one for summary judgment. |
| 14. | "[T]he primary evidence in a false advertising case is the advertising |

CALDWELL
LESLIE &
PROCTOR

| | | |
|---|---|---|
| | | itself." *Benson v. Kwikset Corp.*, 152 Cal.App.4th 1254, 1276 (2007); *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal.App.4th 663, 679 (2006) (same); *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003) (same); *see also Arizona Cartridge Remanufacturers' Ass'n v. Lexmark Int'l, Inc.*, 290 F.Supp.2d 1034, 1041 (N.D. Cal. 2003) (citing *Brockey v. Moore*). |
| | 15. | Based on the alleged false advertisement, the Court may determine as a matter of law that no reasonable consumer could be deceived or misled. *Freeman v. Time, Inc.*, 68 F.3d 285, 289-90 (9th Cir. 1995); *Haskell v. Time, Inc.*, 857 F.Supp. 1392, 1399 (E.D. Cal. 1994) ("*Haskell I*"); *see also Jefferson v. Chase Home Fin.*, 2008 WL 1883484, at *15 (N.D. Cal. April 29, 2008). |
| | 16. | The advertising at issue here is not deceptive as a matter of law. Like the advertising at issue in *Freeman*, Gap's advertising "expressly and repeatedly state[s] the conditions which must be met in order to [redeem the card]." *Freeman*, 68 F.3d at 289. Like the advertising at issue in *Freeman*, "[n]one of the qualifying language is hidden or unreadably small," and "[t]he qualifying language appears immediately next to the representations it qualifies and no reasonable reader could ignore it." *Id.* Since "no reasonable reader could ignore" the disclosure of the second minimum purchase requirement, or believe that there was no such requirement, Gap's advertising was not deceptive. |
| | 17. | The advertising at issue here is not misleading because "members of the public" are not "likely be deceived." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002) (citation omitted). It means exactly what it says—the consumer was required to spend $60 or more June 1 through June 30—and does not require specialized knowledge to |

CALDWELL
LESLIE &
PROCTOR

| | |
|---|---|
| | interpret. Indeed, the only information that a consumer would need in order to understand that this involves a second purchase is the knowledge that June comes after May. |
| 18. | By establishing that the advertising was neither deceptive nor misleading, Gap has met its burden of "demonstrate[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). |
| 19. | Plaintiff, who has not established that the advertisement could have been deceptive or misleading, has not met her burden of establishing "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, *quoting* Fed. R. Civ. P. 56(e). This defeats each of her causes of action. |
| 20. | Because the advertising at issue here was neither deceptive nor misleading, Plaintiff cannot prove an essential element of her Unfair Competition Law claim. *See* Cal. Bus. & Prof. Code § 17200; *Freeman*, 68 F.3d at 289-90. |
| 21. | Because the advertising at issue here was neither deceptive nor misleading, Plaintiff cannot prove an essential element of her False Advertising Law claim. *See* Cal. Bus. & Prof. Code § 17500; *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002). |
| 22. | Because the advertising at issue here was neither deceptive nor misleading, Plaintiff cannot prove an essential element of her CLRA claim. *See* Cal. Civ. Code §§ 1770(a)(9), 1770(a)(14), 1770(a)(16), 1770(a)(17); *see also Pollard v. Ericsson, Inc.*, 125 Cal.App.4th 214 (2004); *Kramer v. Intuit*, 121 Cal.App.4th 574 (2004). |
| 23. | Because the advertising at issue here was neither deceptive nor misleading, Plaintiff cannot prove an essential element of her breach of implied-in-fact contract claim. Defendant's clearly-worded |

| | |
|---|---|
| | advertising offered a $20 shopping card to consumers who purchased $60 of merchandise in May 2006, and stated that the card would be redeemable with a $60 purchase in June 2006. Plaintiff accepted this offer by making a purchase in May. Plaintiff cannot establish breach of contract because both parties performed their obligations under this contract. Plaintiff cannot establish breach of implied-in-fact contract because "an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter." *Shvarts v. Budget Group, Inc.*, 81 Cal.App.4th 1153, 1159-60 (2000) (internal citations omitted). |
| 24. | Because the advertising at issue here was neither deceptive nor misleading, Plaintiff cannot prove an essential element of her fraud claim. *See Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). Defendant's advertising neither misrepresented nor concealed the second minimum purchase requirement. *Id.* |
| 25. | Defendant's evidentiary objections are sustained for the reasons stated in Defendant's Evidentiary Objections to: (1) Declaration of Edward Bergo; (2) Declaration of Dean K. Fueroghne; and (3) Declaration of Susan Yoon, Submitted by Plaintiff in Opposition to Motion for Summary Judgment. |
| 26. | Even if Defendant's evidentiary objections were not sustained, Plaintiff's evidence would not create a genuine issue of material fact. |
| 27. | As explained above, the issue upon which each of Plaintiff's claims depends is whether Defendant's advertisement was objectively deceptive or misleading. *Freeman*, 68 F.3d at 289-90. The survey described in the Bergo Declaration—even if it were not methodologically flawed—does not create an issue of triable fact because it does not address this issue. *See Loctite Corp. v. National* |

CALDWELL
LESLIE &
PROCTOR

| | | |
|---|---|---|
| | | *Starch & Chem. Corp.*, 516 F.Supp. 190, 206-07 (S.D.N.Y. 1981). The most it could show is that a very small group of selected individuals subjectively misapplied the sign, and gave incorrect answers to confusing mathematical word problems. |
| | 28. | The Fueroghne Declaration does not create an issue of triable fact because it is based on a patently incorrect interpretation of the plain language of the advertisement. Moreover, it fails to address the fact that the advertising "expressly and repeatedly state[s] the conditions which must be met in order to [redeem the card]," the fact that "[n]one of the qualifying language is hidden or unreasonably small," and the fact that "[t]he qualifying language appears immediately next to the representations it qualifies and no reasonable reader could ignore it." *Freeman*, 68 F.3d at 289. |
| | 29. | The Yoon Declaration does not create an issue of triable fact because, even if Plaintiff's self-serving statements about her subjective understanding were plausible, "anecdotal evidence alone is insufficient to prove that the public is likely to be misled." *Haskell v. Time, Inc.*, 965 F.Supp. 1398, 1407 (1997) ("*Haskell II*"). |
| | 30. | Plaintiff's request for an additional Rule 56(f) continuance is denied. *See Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416 (9th Cir. 1987); *see also Weinberg v. Whatcom County*, 241 F.3d 746, 750-51 (9th Cir. 2001); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). No amount of additional discovery will create a genuine issue of material fact where the plain text of the sign makes it apparent that there is none. *See Benson*, 152 Cal.App.4th at 1276; *Colgan*, 135 Cal.App.4th at 679; *Brockey v. Moore*, 107 Cal.App.4th at 100; *see also Freeman*, 68 F.3d at 289; *Haskell I*, 857 F.Supp. at 1399. |
| | 31. | Defendant has met its burden of establishing that there is no genuine |

issue of material fact, and Plaintiff has failed to establish "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, *quoting* Fed. R. Civ. P. 56(e). Rule 56 therefore mandates that this Court grant summary judgment to Defendant as to all of Plaintiff's claims. *Celotex Corp.*, 477 U.S. at 322; Fed. R. Civ. P. 56(c).

DATED: January 7, 2009

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
CHRISTOPHER G. CALDWELL
ROBYN C. CROWTHER
MICHAEL D. ROTH


By: _____/s/_____
MICHAEL D. ROTH
Attorneys for Defendant GAP, INC.

*Read and adopted by the Court as supported by the admissible evidence in this matter.*

IT IS SO ORDERED

DATE _____ Jan. 8, 2009

_____
U.S. DISTRICT COURT JUDGE